IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | 1:15CR232-1 |
| | ) | |
| | ) | |
| TERRY MICHAEL CANFIELD | ) | |

### MEMORANDUM OPINION AND ORDER

A federal grand jury for this district indicted the defendant for receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). (Docket Entry 1.) The case thereafter came before the Court for a hearing on an oral motion for detention by the United States, pursuant to 18 U.S.C. § 3142(f)(1)(A). (See Docket Entry dated July 15, 2015.)[1] At the end of the hearing, the Court orally ordered the defendant's detention because clear and convincing evidence established that no available release conditions would reasonably assure the safety of the community and a preponderance of the evidence established that no available release conditions would reasonably assure the defendant's subsequent appearances for further proceedings. (See id.) The Court now enters this written order memorializing that ruling as required by 18 U.S.C. § 3142(i)(1).

---

[1] Because it falls within Chapter 110 of Title 18, the offense charged in this case (which carries a potential punishment in excess of one year in prison, see 18 U.S.C. § 2252A(a)(2)(A)) constitutes a crime of violence for purposes of Section 3142(f)(1)(A). See 18 U.S.C. § 3156(a)(4)(C).

BACKGROUND

A United States Probation Officer prepared a report regarding the defendant's history, residence, family ties, employment, financial resources, health (including as to mental health and substance abuse issues), and prior record. Both parties had an opportunity to review that report before the detention hearing. At the hearing, the defendant conceded the majority of the accuracy of the material factual information in the report and was "afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear[ed] at the hearing, and to present information by proffer or otherwise," 18 U.S.C. § 3142(f).[2] In that regard, the United States offered testimony from (and the defendant, through counsel, cross-examined) a law enforcement officer, and the defendant presented testimony from his proposed-third-party custodian, as well as a release plan.

DISCUSSION

Given the nature of the charge in this case, "[s]ubject to rebuttal by [the defendant], it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community," 18 U.S.C. § 3142(e)(3).[3] "[T]he presumption operate[s] at a

---

[2] As to the factual information, the defendant objected to information regarding his former wife, the dates of his military service, and past employment. These matters did not bear upon the Court's decision.

[3] A federal grand jury indicted the defendant for violating
(continued...)

minimum to impose a burden of production on the defendant to offer some credible evidence contrary to the statutory presumption." United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985).[4]

"Even when a defendant satisfies his burden of production, however, 'the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court.' The presumption remains as a factor

---

[3](...continued)
18 U.S.C. § 2252A(a)(2)(A). (See Docket Entry 1.) A finding of probable cause to believe a defendant committed such offenses triggers the cited presumption of detention. See 18 U.S.C. § 3142(e)(3)(E) (indicating presumption applies to "an offense involving a minor victim under section . . . 2252A(a)(2)"). "[T]he appeals courts that have addressed this issue have uniformly concluded that the judicial officer may rely on a grand jury indictment to establish probable cause for the purpose of triggering the rebuttable presumptions in section 3142(e)." United States v. Vargas, 804 F.2d 157, 163 (1st Cir. 1986) (citing and joining position of United States Courts of Appeals for the Second, Sixth, Seventh, and Eleventh Circuits); accord United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996); United States v. Suppa, 799 F.2d 115, 119 (3d Cir. 1986). District courts in this Circuit uniformly follow the same rule. See, e.g., United States v. Glover, No. 5:10-CR-258-F-5, 2010 WL 3245526, at *1 (E.D.N.C. Aug. 17, 2010) (unpublished); United States v. Boyd, 484 F. Supp. 2d 486, 488 (E.D. Va. 2007). Moreover, the defendant did not contest the existence of probable cause and (as described below) the evidence at the hearing established probable cause.

[4] Numerous courts have held that "section 3142(e)(3)'s presumption in favor of detention imposes only a 'burden of production' on the defendant." United States v. Stone, 608 F.3d 939, 945 (6th Cir. 2010) (citing as examples decisions from the Second and Seventh Circuits); accord United States v. Hir, 517 F.3d 1081, 1086 (9th Cir. 2008); United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003); United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); United States v. Stricklin, 932 F.2d 1353, 1354-55 (10th Cir. 1991); United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990); United States v. Hare, 873 F.2d 796, 798 (5th Cir. 1989); United States v. Carbone, 793 F.2d 559, 560 (3d Cir. 1986); United States v. Hill, No. 1:06CR82-1, 2007 WL 547611, at *1 (N.D.W. Va. Feb. 16, 2007) (unpublished).

because it is not simply an evidentiary tool designed for the courts. Instead, the presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." United States v. Stone, 608 F.3d 939, 945 (6th Cir. 2010) (internal citations omitted) (quoting United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001)); accord United States v. Hir, 517 F.3d 1081, 1086 (9th Cir. 2008); United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003); United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); United States v. Stricklin, 932 F.2d 1353, 1355 (10th Cir. 1991); United States v. Hare, 873 F.2d 796, 798-99 (5th Cir. 1989); United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986); United States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985).[5]

In resolving the issue of release or detention, along with the statutory presumption, the Court has considered the following statutorily prescribed factors: "(1) the nature and circumstances of the offense charged . . .; (2) the weight of the evidence against the [defendant]; (3) the history and characteristics of the [defendant] . . .; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release." 18 U.S.C. § 3142(g). Based on the record

---

[5] Courts in this Circuit also have taken that position. See, e.g., United States v. Jinwright, No. 3:09CR67-W, 2010 WL 2926084, at *1 (W.D.N.C. July 23, 2010) (unpublished); United States v. Moore, No. 2:09CR222-41, 2010 WL 1006205, at *2 (S.D.W. Va. Mar. 16, 2010) (unpublished); Hill, 2007 WL 547611, at *1.

-4-

before it, the Court makes the following findings of fact and/or conclusions of law:

1) as reflected by the above-discussed presumption of detention, the applicable penalties, and the language of the Bail Reform Act, the offense charged against the defendant is serious in nature and involved circumstances that endangered the community, see, e.g., United States v. Morace, 594 F.3d 340, 350 (4th Cir. 2010) (observing that Congress has made clear its "view that child pornography crimes are serious offenses" (internal brackets and quotation marks omitted)); United States v. Goff, 501 F.3d 250, 258-59 (3d Cir. 2007) (ruling that "[c]hildren are exploited, molested, and raped" and thus suffer "injuries and the taking of their innocence" due to the market for child pornography and rejecting defendant's effort "to downplay the nature and seriousness of his crime . . . [by] implying that his was a victimless crime because viewing the pornography was 'a solitary, private activity of short duration driven by [his] curiosity'"); United States v. Melguizo, 824 F.2d 370, 371 (5th Cir. 1987) ("We find that a possible sentence of ten years is also sufficient indication that the offense is serious."); United States v. Church, 701 F. Supp. 2d 814, 820-22 (W.D. Va. 2010) (cataloging grievous harms caused by child pornography offenses); 18 U.S.C. §§ 2252A(b)(1) (providing for imprisonment of not less than five years and up to twenty years for violation of § 2252A(a)(2)(A)), 3142(g)(1) (identifying question of "whether the offense is a crime

of violence . . . or involves a minor victim" as among important factors in assessment of nature and circumstances of offense), 3156(a)(4)(C) (defining "crime of violence" as used in 18 U.S.C. § 3142 as including offenses under 18 U.S.C. § 2252A) ;

    2) the weight of the evidence against the defendant is strong in that:

        A) a local law enforcement officer began investigating a BitTorrent website[6] known and used for exchanging child pornography and obtained the internet protocol address ("IP address")[7] of a user who had shared child pornography;

        B) the officer subsequently obtained a subpoena that revealed that the IP address belonged to the defendant;

        C) the officer obtained a search warrant for the defendant's residence;

        D) the officer executed the search warrant on May 14, 2015;

        E) upon executing the search warrant the officer recovered a Macbook Pro and an external hard drive - with the defendant's name written on it - that contained child pornography;

        F) the external hard drive contained approximately 284

---

[6] "BitTorrent is a peer-to-peer file-sharing protocol used for the distribution and sharing of data over the Internet, including files containing digital versions of motion pictures." Liberty Media Holding, LLC v. Swarm Sharing Hash File, 821 F. Supp. 2d 444, 448 (D. Mass. 2011).

[7] An IP address is an "identification number[] assigned to every device connected to the Internet . . . ." First Time Videos, LLC v. Does 1-500, 276 F.R.D. 241, 245 (N.D. Ill. 2011).

images and 106 videos of child pornography, including some child pornography described as "BDSM"[8] by the testifying officer;

      G) the files listed creation dates ranging from December of 2014 to April of 2015; and

      H) the defendant had arranged the child pornography into different subfolders (each labeled with different titles consistent with child pornography terminology) within a folder entitled "Word Docs"; and

   3) the history and characteristics of the defendant raise the following concerns regarding the risk of non-appearance his release would present:

      A) the defendant has ties to a foreign country through familial connections and a history of living and working overseas.

Even if the Court assumes that the defendant has rebutted the statutory presumption of detention, the Court concludes nonetheless that the record establishes by clear and convincing evidence that no available release conditions reasonably would assure the safety of the community and a preponderance of the evidence establishes that the defendant poses a risk of non-appearance. As to the risk of danger to the community, the Court notes the serious nature of the offense (including as reflected by the presumption of detention), the aggravated nature of some of the child pornography possessed by the defendant, and the high amount of child

---

[8] BDSM generally refers to bondage, domination, sadism, and masochism. See United States v. Palmer, 643 F.3d 1060, 1062 (8th Cir. 2011).

pornography found in his possession. As to the risk of non-appearance, the Court notes the defendant's ties to a foreign country. The Court further finds the defendant's proffered release plan inadequate.

In that regard, the proposed-third-party custodian has several internet accessible devices within the proposed residence. Although password protected, such protections do not reasonably assure that the defendant would lack access to the internet to continue accessing child pornography. As to electronic monitoring and third-party custody, such restrictions, at most, would serve to alert Probation Officers that the defendant had departed his home without authorization. The defendant could then flee before any reasonable response could occur. Therefore, the Court will order the defendant's detention.

**IT IS THEREFORE ORDERED** that the Motion for Detention by the United States is **GRANTED** and the defendant shall be detained pending disposition of the instant charge(s) pursuant to 18 U.S.C. § 3142(e)(1). The defendant is committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge

of the corrections facility shall deliver the defendant to the United States Marshal for court proceedings.

                                                      /s/ L. Patrick Auld
                                                        **L. Patrick Auld**
                                        **United States Magistrate Judge**

July 22, 2015

-9-

Case 1:15-cr-00232-JAB   Document 10   Filed 07/22/15   Page 9 of 9