IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:15CR232-1 |
| | : | 1:15CR332-1 |
| v. | : | |
| | : | |
| TERRY MICHAEL CANFIELD | : | PLEA AGREEMENT |

NOW COMES the United States of America, by and through Ripley Rand, United States Attorney for the Middle District of North Carolina, and the defendant, TERRY MICHAEL CANFIELD, in his own person and through his attorney, Eric D. Placke, and state as follows:

1. The defendant, TERRY MICHAEL CANFIELD, is presently under Indictment in case number 1:15CR232-1, which charges him with a violation of Title 18, United States Code, Section 2252A(a)(2)(A) and (b)(1), receiving child pornography. The defendant, TERRY MICHAEL CANFIELD, is also presently charged in an Information in case number 1:15CR332-1, which charges him with a violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2), possession of child pornography.

2. The defendant, TERRY MICHAEL CANFIELD, will enter a voluntary plea of guilty to the Information herein. The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

a.  The defendant, TERRY MICHAEL CANFIELD, understands that as to the Information herein, he shall be sentenced to a term of imprisonment of not more than ten years, and the maximum fine for the Information herein is $250,000. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, TERRY MICHAEL CANFIELD, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."

b.  The defendant, TERRY MICHAEL CANFIELD, also understands that the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of any term of years not less than five, or life, after imprisonment, pursuant to Title 18, United States Code, Section 3583(k).

c.  The defendant, TERRY MICHAEL CANFIELD, also understands that the Court shall order, in addition to any other criminal penalty authorized by law, that the defendant make restitution, pursuant to Title 18, United States Code, Section 2259,

2

to any victim of the offense charged in the Information herein. The defendant, TERRY MICHAEL CANFIELD, further agrees to pay restitution, as determined by the Court, to any victims harmed by defendant's "relevant conduct," as defined by U.S.S.G. § 1B1.3, pursuant to Title 18, United States Code, Section 3663A(a)(3).

    d. The defendant, TERRY MICHAEL CANFIELD, further understands that the sentence to be imposed upon him is within the discretion of the sentencing Court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

    e. The defendant, TERRY MICHAEL CANFIELD, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, TERRY MICHAEL CANFIELD,

3

nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States.

  f. The defendant, TERRY MICHAEL CANFIELD, understands that, by entering a plea of guilty to the Information herein, he may be required to register as a sex offender under the laws of any state in which he may reside, and that it is the defendant's responsibility to comply with any applicable registration requirements. See 42 U.S.C. § 16901-16962 (Jacob Wetterling, Megan Nicole Kanka, and Pam Lychner Sex Offender Registration and Notification Program) and 18 U.S.C. § 4042 (2000) (requiring defendants to register as a sex offender within 10 days of release from incarceration or sentence to probation). If the defendant resides in the state of North Carolina following any term of imprisonment, the defendant agrees to register as a sex offender pursuant to N.C.G.S. §§ 14-208.5 - 208.45 in the county of his residence and provide verification to the probation department of such registration. The defendant also understands that if he does not return to, or moves from the state of North Carolina, he may be required to register as a sex offender pursuant to the state laws of his new residence.

4

3. By voluntarily pleading guilty to the Information herein, the defendant, TERRY MICHAEL CANFIELD, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, TERRY MICHAEL CANFIELD, is going to plead guilty to the Information herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

   a. Upon the acceptance by the Court of a guilty plea by the defendant, TERRY MICHAEL CANFIELD, to the Information filed in case number 1:15CR332-1, and at the conclusion of the sentencing hearing thereon, the United States of America will not oppose a motion to dismiss the Indictment in case number 1:15CR232-1, as to the defendant, TERRY MICAHEL CANFIELD. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

5

b. It is agreed that the defendant, TERRY MICHAEL CANFIELD, will waive in open court prosecution by Indictment and consent to be charged in a Bill of Information.

c. It is further agreed by and between the United States and the defendant, TERRY MICHAEL CANFIELD, that, in exchange for the Government's agreement to dismiss the Indictment in case number 1:15CR232-1, the defendant, TERRY MICHAEL CANFIELD, expressly waives the right to appeal the conviction and whatever sentence is imposed on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742(a), and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under Title 28, United States Code, Section 2255, excepting the defendant's right to appeal based upon grounds of (1) ineffective assistance of counsel, (2) prosecutorial misconduct not known to the defendant at the time of the defendant's guilty plea, (3) a sentence in excess of the statutory maximum, and (4) a sentence based on an unconstitutional factor, such as race, religion, national origin or gender.

d. In addition, the defendant, TERRY MICHAEL CANFIELD, agrees to and does hereby abandon any interest that he has in any book, magazine, periodical, film, videotape, computer, or storage

media, that contains child pornography as defined in Title 18, United States Code, Section 2256(8).

6. The defendant, TERRY MICHAEL CANFIELD, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

7. It is further understood that the United States and the defendant, TERRY MICHAEL CANFIELD, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

8. The defendant, TERRY MICHAEL CANFIELD, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time

of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

9. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 11th day of September, 2015.

RIPLEY RAND
United States Attorney

ERIC D. PLACKE
Attorney for Defendant

ERIC L. IVERSON
NCSB # 46703
Assistant United States Attorney

TERRY MICHAEL CANFIELD
Defendant

101 S. Edgeworth Street, 4th Floor
Greensboro, NC 27401
336/333-5351

8